*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT DAVIS,

        Plaintiff-Appellant,

v

WAYNE COUNTY CLERK and WAYNE
COUNTY ELECTION COMMISSION,

        Defendants-Appellees,

and

JOAN MERRIEWETHER,

        Intervening Defendant-Appellee.

UNPUBLISHED
June 11, 2024

No. 371154
Wayne Circuit Court
LC No. 24-006894-AW

Before: CAMERON, P.J., GADOLA, C.J., and CAVANAGH, J.

PER CURIAM.

Plaintiff appeals as of right the June 3, 2024 order denying plaintiff's complaint for declaratory relief and writ of mandamus to compel defendants to remove intervening-defendant Joan Merriewether from the ballot as a candidate for Wayne County Sheriff. We affirm.

Whether to grant mandamus relief is within the discretion of the court. *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 882 (2016).

> To obtain the extraordinary remedy of a writ of mandamus, the plaintiff must show that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. [*Id.* (quotation marks and citation omitted).]

"Declaratory relief is also equitable in nature, and a remedy best left to the discretion of the court." *Davis v Secretary of State*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 362841); slip op at 9. Issues involving statutory interpretation are reviewed de novo, turning first to the

plain language of the statute to determine the Legislature's intent. *Wyandotte Elec Supply Co v Elec Tech Sys, Inc*, 499 Mich 127, 152; 881 NW2d 95 (2016).

Under the Michigan Election Law, MCL 168.1 *et seq.*, a candidate must file an affidavit of identity (AOI) containing specified information, including, for example, the candidate's name and address, United States citizenship, title sought, political party, term of office, date of the election, etc. See *Davis*, ___ Mich App at ___; slip op at 1-2. Failure to comply with the AOI requirement is grounds to disqualify a candidate from inclusion on the ballot. See *Stumbo v Roe*, 332 Mich App 479, 481; 957 NW2d 830 (2020). Significant to this case, under MCL 168.558(1), a candidate must file two "copies" of the AOI. In relevant part, this statute states:

> When filing a nominating petition, qualifying petition, filing fee, or affidavit of candidacy for a federal, county, state, city, township, village, metropolitan district, or school district office in any election, a candidate shall file with the officer with whom the petitions, fee, or affidavit is filed *2 copies of an affidavit of identity. . . .* [MCL 168.558(1) (emphasis added).]

Merriewether undisputedly filed two AOIs, specifically an original copy and a second copy. Plaintiff maintains, however, that Merriewether failed to satisfy MCL 168.558(1) because the statute requires two "copies," not an original and a copy as submitted by Merriewether. This argument lacks merit. Contrary to plaintiff's arguments, nothing in MCL 168.558(1) precludes the use of an original copy and a second copy. By requiring submission of "copies," the statute simply requires the submission of two duplicate AOIs. This reading is consistent with the ordinary meaning of the term "copies" when used as a noun. That is, among the common definitions of "copy" are "duplicate," *Merriam-Webster's Collegiate Dictionary* (11th ed), and "one thing like another; a duplicate," *Webster's New Twentieth Century Dictionary* (2d unabridged ed). Having submitted two copies of her AOI, Merriewether complied with MCL 168.558(1), and there was no basis to remove her from the ballot. Plaintiff is not entitled to declaratory relief, and he has not shown that defendants owed a clear legal duty to remove Merriewether from the ballot. See *Davis*, ___ Mich App at ___; slip op at 9, 11.

In arguing to the contrary, plaintiff relies on this Court's decision in *Davis*, ___ Mich App at ___; slip op at 1-2, and plaintiff asserts that this Court held that two "copies" of the AOI are required. In *Davis*, this Court offered a general overview of the requirements of MCL 168.558(1) and noted that "[t]wo copies of the AOI must be filed." *Id*. at ___; slip op at 2. The meaning of "copies" was not at issue in *Davis*, and this Court said nothing to support that an original copy and a second copy would not satisfy MCL 168.558(1). Plaintiff's reliance on *Davis* is misplaced. The statute controls the resolution of this case, and applying the plain language of MCL 168.558(1), the trial court did not err by rejecting plaintiff's claim that Merriewether failed to file two copies of her AOI. Consequently, the trial court did not abuse its discretion by denying plaintiff's complaint for declaratory relief and mandamus.

Affirmed. This opinion shall have immediate effect pursuant to MCR 7.215(F)(2).

/s/ Thomas C. Cameron
/s/ Michael F. Gadola
/s/ Mark J. Cavanagh